IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Stephen C. Stanko, ) | No.: 1:19-mc-380-RMG-SVH |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | |
| ) | ORDER |
| Bryan P. Stirling and Michael ) | |
| Stephan, ) | |
| ) | |
| Respondents. ) | |
| ) | |

Stephen C. Stanko ("Petitioner") is a state prisoner sentenced to death. This matter is before the court on Petitioner's request for counsel [ECF No. 1] and motion to proceed in forma pauperis [ECF No. 2].[1] Respondents have filed a response [ECF No. 7], to which Petitioner replied [ECF No. 8].

I.  Motion for Leave to Proceed In Forma Pauperis

After a careful review of Petitioner's motion for leave to proceed in forma pauperis and supporting affidavit, the court finds Petitioner should be relieved of the obligation to prepay the full filing fee. Petitioner's motion to proceed in forma pauperis [ECF No. 2] is granted.

II.  Motion for Appointment of Counsel

Pursuant to 18 U.S.C. § 3599(a)(2), indigent death-sentenced prisoners are "entitled to the appointment of one or more attorneys" to pursue federal

---

[1] Petitioner has also moved for a stay of execution [ECF No. 1], which has been addressed by a separate order.

1

habeas corpus remedies. Further, "the right to counsel necessarily includes a right for that counsel meaningfully to research and present a defendant's habeas claims." *McFarland v. Scott*, 512 U.S. 849, 858 (1994). Thus, § 3599 contemplates the appointment of qualified counsel prior to the filing of a petition for writ of habeas corpus. In addition, § 3599 sets forth the required qualifications for appointed counsel in capital cases:

> (c) If the appointment is made after judgment, at least one attorney so appointed must have been admitted to practice in the court of appeals for not less than five years, and must have had not less than three years experience in the handling of appeals in that court in felony cases.
>
> (d) With respect to subsection[] . . . (c), the court, for good cause, may appoint another attorney whose background, knowledge, or experience would otherwise enable him or her to properly represent the defendant, with due consideration to the seriousness of the possible penalty and to the unique and complex nature of the litigation.

18 U.S.C. § 3599(c)–(d).

In addition, pursuant to the District of South Carolina's plan for implementing the Criminal Justice Act ("CJA"), this court maintains a panel of qualified attorneys available to represent indigent defendants. *See In re Amendments to the Plan of the United States District Court for the District of South Carolina for Implementing the Criminal Justice Act*, No. 3:18-mc-00199-CIV (D.S.C. June 1, 2018) ("CJA Plan"). Recognizing the particular complexity of capital cases, the CJA Plan instructs the court to utilize the expert services available through the Administrative Office of the United States ("AO"), which

include capital habeas units and federal community defender offices, where appropriate. CJA Plan § XIV(B)(4). Further, "[a]ll attorneys appointed in federal capital cases must be well qualified, by virtue of their training, commitment, and distinguished prior capital defense experience at the relevant stage of the proceeding, to serve as counsel in this highly specialized and demanding litigation" and "must have sufficient time and resources to devote to the representation, taking into account their current caseloads and the extraordinary demands of federal capital cases." *Id.* § XIV(B)(6), (7).

Specifically regarding appointment of counsel in capital habeas matters, the CJA Plan provides the following guidance:

3. Out-of-District Counsel, including federal defender organization staff, who possess the requisite expertise may be considered for appointment as co-counsel in § 2254 cases to achieve cost and other efficiencies together with high quality representation.

. . . .

6. Counsel in capital § 2254 cases should have distinguished prior experience in the area of federal post-conviction proceedings and in capital post-conviction proceedings.

7. When possible, capital § 2254 counsel should have distinguished prior experience in capital § 2254 representations.

8. In evaluating the qualifications of proposed capital § 2254 counsel, consideration should be given to the qualifications standards endorsed by bar associations and other legal organizations regarding the quality of legal representation in capital cases.

9. In evaluating the qualifications of proposed capital § 2254 counsel, consideration should be given to proposed counsel's commitment to the defense of capital cases, their current caseload including other capital cases, and their willingness to represent effectively the interests of the client.

CJA Plan § XIV(F).

Petitioner requests the court appoint E. Charles Grose, Jr., of Greenwood, South Carolina, and Joseph J. Perkovich of New York, New York. [*See* ECF No. 1 at 1].

Mr. Grose has been licensed to practice before this court since 1994 and is currently counsel on three other federal capital habeas matters and several state capital post-conviction relief matters. He met the requirements for lead counsel on this court's former CJA Death Penalty Panel Attorney List[2] and is certified by the South Carolina Supreme Court to serve as lead counsel in capital cases. In addition, Mr. Grose regularly attends death penalty training seminars.

Mr. Perkovich is a founding principal attorney of Phillips Black, Inc., a nationwide, nonprofit law practice dedicated to the direct representation of individuals facing sentences of death or life without the possibility of parole. He is a member in good standing of the New York bar and admitted to practice in various federal courts throughout the country, including the Supreme Court and, since 2008, the Fourth Circuit Court of Appeals. In recent years, various

---

[2] Under the amended CJA Plan, the court no longer maintains a separate death penalty panel.

federal district courts have appointed Mr. Perkovich in habeas corpus proceedings pursuant to 18 U.S.C. § 3599, including pre-petition § 2254 cases in the Southern District of Indiana in October 2019 (Weisheit v. Neal, 4:19-cv-036-SEB-DML), in the Northern District of Mississippi in February 2018 (Pitchford v. Hall, 4:18-cv-002-MPM), and the Northern District of Texas in December 2017 (Cade v. Davis, 3:17-cv-3396-G-BN). In 2014, Mr. Perkovich co-founded the death penalty clinical curriculum at the Saint Louis University School of Law and in fall 2017 co-founded a post-conviction remedies clinical practicum in the Washington University School of Law, focusing on death penalty cases. Also, in fall 2019, he commenced a teaching partnership with the Georgetown Law Center's inaugural death penalty post-conviction clinic.

Based on the foregoing, the court finds Mr. Grose and Mr. Perkovich qualified to represent Petitioner under § 3599 and appoints Mr. Grose as lead counsel. The court also appoints Mr. Perkovich as second-chair counsel in this matter, contingent on his filing of a pro hac vice motion. Counsel are reminded that by accepting appointment, they are indicating their willingness and availability to represent Petitioner to the full extent of their professional ability in all phases of this litigation. If counsel's current caseloads do not allow for full commitment to representing Petitioner in this case, they must so inform the undersigned through a filing on the docket by December 2, 2019 so that alternate counsel may be appointed. Otherwise, the court will not extend

deadlines based on any claim of unavailability due to counsel's caseload.

III. Cost Containment and Budgeting

Counsel shall file an ex parte confidential proposed litigation budget within thirty days of this order. In preparing their budget, counsel should consult with Larry M. Dash, Fourth Circuit Case Budgeting Attorney. The court cautions counsel that duplication of efforts and unnecessary attorney time are to be avoided and will be struck.

Counsel shall submit interim payment vouchers every sixty days to Claire Woodward O'Donnell, Panel Administrator, Federal Public Defender's Office, for payment consideration and so that costs and fees can be monitored. As lead counsel, Mr. Grose shall be compensated at a rate of $190.00 per hour and Mr. Perkovich, as second-chair counsel, shall be compensated at a rate of $148.00 per hour.

IV. State Court Record

For the court's reference and for case management purposes, counsel for Respondents are directed to file a complete record of all state court proceedings to date in connection with this matter within thirty days of this order. Additionally, counsel shall provide one courtesy bound and tabbed copy each to the assigned District Judge and Magistrate Judge.

V. Petition and Scheduling

In accordance with 28 U.S.C. § 2251(a)(3), Petitioner shall file a petition

for a writ of habeas corpus within ninety days of this order appointing counsel. Petitioner shall then have until the expiration of the one-year limitation period prescribed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") to amend his petition. *See* 28 U.S.C. § 2244(d). The court will enter a scheduling order regarding responsive briefing after Petitioner amends his petition or the time to do so expires.

    IT IS SO ORDERED.

November 19, 2019                          Shiva V. Hodges
Columbia, South Carolina           United States Magistrate Judge