IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Stephen C. Stanko, | ) | C/A No.: 1:19-3257-RMG-SVH |
| | ) | |
| Petitioner, | ) | DEATH PENALTY CASE |
| | ) | |
| vs. | ) | |
| | ) | ORDER DIRECTING |
| Bryan P. Stirling, Director, South | ) | SUPPLEMENTAL BRIEFING |
| Carolina Department of | ) | |
| Corrections; Michael Stephan, | ) | |
| Broad River Correctional | ) | |
| Institution, | ) | |
| | ) | |
| Respondents. | ) | |

Stephen C. Stanko ("Petitioner"), an inmate at the Broad River Correctional Institution of the South Carolina Department of Corrections, filed this partially-complete petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. [ECF No. 36]. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civ. Rule 73.02(B)(2)(c) (D.S.C.). On February 17, 2020, Petitioner filed a placeholder petition. [ECF No. 24]. Due to complications related to the COVID-19 pandemic, the undersigned set a scheduling order to allow Petitioner to file a partially-complete amended petition in August 2020, with the remainder of the petition, including claims pursuant to *Martinez v. Ryan*, 566 U.S. 1 (2012), to be filed on October 30, 2020. [ECF No. 35]. On October 23, 2020, Petitioner sought a sixty-day extension of that deadline, which the undersigned granted. [ECF Nos. 38, 40].

Thus, the current deadline for Petitioner's amended petition is December 29, 2020. [*See* ECF No. 40]. Petitioner now seeks a ninety-day extension of that deadline. [ECF No. 43].

In support of his request for an extension, Petitioner exhaustively describes the ongoing COVID-19 pandemic and notes the challenges to completing the *Martinez* investigation, which includes in-person social history interviews and mental health examinations. [ECF No. 43]. In response, Respondent takes no position on the Court granting an extension, but notes that the South Carolina Department of Corrections ("SCDC") is allowing in-person medical and legal visits with safety precautions in place. [ECF No. 45]. Respondents further "note that, outside of jury trials, other litigation is proceeding in state and federal courts." [ECF No. 45 at 3]. In his reply, Petitioner

> stresses his request for an amended scheduling order does not rest on whether the state or federal courts are capable of conducting non-evidentiary hearings during the pandemic. As set forth in the motion, this request is based on the standard of care for conducting mitigation investigations and expert mental health evaluations in capital cases and undersigned counsel's ethical responsibilities for conducting a *Martinez* investigation.

[ECF No. 46 at 3 (footnote omitted)].

The undersigned is well aware of the challenges posed by the pandemic. However, it is notable that the undersigned has not experienced a break in court proceedings since the start of the pandemic, does not anticipate taking a

2

break in court proceedings, and has not granted indefinite extensions in any of her cases. These cases, and many others throughout the district and Circuit, are moving forward—incorporating special accommodations when necessary—because it is important that the court continue to function despite the pandemic. *See United States v. Trimarco*, 17-CR-583(JMA), 2020 WL 5211051, at *1 (E.D.N.Y. Sept. 1, 2020) (declining to further delay a trial, referencing the "weighty interests in preventing the wheels of justice from grinding to an indefinite halt based on a defendant's say-so"). In short, the undersigned is particularly concerned with Petitioner's contention that "the severe conditions have precluded the proper activity of the specialists and this will remain so until the underlying public health problems are fundamentally abated." [ECF No. 43 at 5]. This amorphous statement does not inspire a belief that Petitioner will, in fact, file a complete petition even by his requested deadline of March 29, 2020.

To that end, Petitioner is directed to supplement his request for an extension by close of business **December 15, 2020**, with the following information:

- The actions members of Petitioner's team have taken, aside from drafting and filing briefs, to prepare to file a complete habeas corpus petition. Counsel is directed to detail all efforts taken thus far related to securing expert evaluations and social history, to include when third-party services were retained and the type and amount of work, including telephone calls, started to investigate Petitioner's social history.

- The communications and dates of communications Petitioner's counsel has had with SCDC to prepare for Petitioner's experts to examine Petitioner.

- The plans Petitioner has in place to ensure he is able to file a complete habeas petition by March 29, 2020, whether the coronavirus is "fundamentally abated" or not. Counsel is directed to be as specific as possible so that the undersigned can evaluate how much additional time beyond the current deadline of December 29, 2020, if any, should be permitted.

The above information should be conveyed concisely and may be filed ex parte.

The objective is to convey specifically, but without superfluous language, what has been completed and a concrete plan for completing the remainder. The court notes the submissions to date cause it concern; counsel's responsibility is to pursue Petitioner's well-supported habeas claims, not to manufacture a Dickensian exegesis. The court notes that if the appointment of pro hac vice counsel has complicated Petitioner's local counsel's ability to fulfill his responsibilities to the court and to Petitioner in this case, the court will consider relieving pro hac vice counsel of his duties and appointing other qualified counsel in his stead.

IT IS SO ORDERED.

December 11, 2020                          Shiva V. Hodges
Columbia, South Carolina           United States Magistrate Judge